**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

**ROBERT DEMETRIUS CRONER,**

      **Movant,**

**v.**                      **Case No. 5:13-cv-23735**
                              **Criminal Case No. 5:11-cr-00090-02**

**UNITED STATES OF AMERICA,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court is Movant's *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (Docket No. 765). This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned determines that Movant clearly is not entitled to relief under 28 U.S.C. § 2255; therefore, the undersigned finds that Movant is not entitled to an evidentiary hearing and respectfully recommends that his Motion be **DENIED** and this matter be **DISMISSED** from the docket of the Court.

**I.**    **Factual and Procedural Background**

On March 29, 2011, Movant Robert Demetrius Croner ("Croner") was indicted by a federal grand jury on four counts, including one count of conspiracy to distribute 1000

1

kilograms of marijuana, and three counts of using a telephone to facilitate the distribution of marijuana. (ECF No. 1).[1]  CJA Attorney John H. Tinney, Jr. was appointed to represent Croner on these charges. On July 25, 2011, Croner entered into a written plea agreement with the United States, which required Croner to plead guilty to an information charging him with conspiracy to distribute more than 100 kilograms of marijuana. (ECF No. 404). In exchange, the United States promised to dismiss the indictment against Croner and withhold filing an information pursuant to 21 U.S.C. § 851, which would have subjected Croner to the potential of an enhanced sentence. (*Id.* at 2).  As part of the plea agreement, Croner and the United States stipulated to certain facts, including the following:

1.      Croner had a leadership role in the conspiracy;

2.      Croner was personally involved in the purchase and/or delivery of between 400 and 700 kilograms of marijuana; and

3.      Croner conspired to distribute between 400 and 700 kilograms of marijuana.

(*Id.* at 9-10). Croner acknowledged his understanding that if he withdrew from the plea agreement, or violated its terms, and he was subsequently tried on the charge in the information, the United States could use and introduce the stipulated facts as part of its case-in-chief, during the cross-examination of any defense witness, and on rebuttal. (*Id.* at 4). The plea agreement also set forth other significant terms, including the maximum potential penalties to which Croner was exposed, a waiver of the right to appeal any sentence below or within the Sentencing Guidelines range associated with the adjusted

---

[1] The factual and procedural history is taken from proceedings of record in Croner's criminal case and cite to Case No. 5:11-cr-00090-02.

offense level determined by the Court, and a waiver of his rights under 18 U.S.C. § 2255. (ECF No. 404 at 5). The only exceptions to the waivers were the right to appeal the Court's determination of adjusted offense level and claims based upon the ineffective assistance of counsel. (*Id.*). On July 28, 2011, Croner appeared before the presiding District Judge and entered a guilty plea to the information.  (ECF No. 644). The Court specifically asked Croner about the Stipulation of Facts attached to the plea agreement, which, as previously mentioned, explicitly stated that Croner conspired to distribute between 400 to 700 kilograms of marijuana and had indeed purchased and/or delivered that amount of the controlled substance. (*Id.* at 10). After confirming that the guilty plea was voluntary and intelligent, the Court accepted it and scheduled a sentencing hearing in December 2011. (*Id.* at 31-32).

On December 1, 2011, Croner appeared with counsel at the sentencing hearing. (ECF No. 645). After going through Croner's objections to the Pre-sentence Investigation Report, the Court began its calculation of Croner's sentence under the Sentencing Guidelines. The Court pointed out that Croner's case involved the seizure of both marijuana and cash derived from the sale of marijuana. (*Id.* at 10-13). Consequently, the probation officer had properly converted the cash into a drug quantity for purposes of determining the applicable base offense level. According to the officer's "conservative estimate," 311.17 kilograms of marijuana could unequivocally be attributed to Croner. (ECF No. 581 at 44). Nonetheless, the officer emphasized that Croner had stipulated to being responsible for 400 to 700 kilograms of marijuana and agreed that Croner's stipulation was a more reasonable estimate of his relevant conduct. (*Id.*). The Court, using a different calculation than the probation officer, concluded that the proper weight of marijuana attributable to Croner was 482.3 kilograms. (ECF No.

3

635 at 13). The Court noted that this figure was consistent with Croner's stipulation; therefore, the Court used the stipulated amount of 400-700 kilograms in determining the base offense level. After thorough review and consideration of all of the adjustments provided by the Sentencing Guidelines, the Court found that Croner had an adjusted offense level of 28, which corresponded to a sentence range of 140 to 175 months imprisonment. (*Id.* at 21). The Court next addressed the relevant sentencing factors contained in 18 U.S.C. § 3553(a) and allowed the parties to speak prior to imposing a sentence. Ultimately, the Court sentenced Croner to 151 months imprisonment and four years of supervised release. (*Id.* at 37).

Croner's attorney subsequently filed an appeal in accordance with *Anders v. California,* 386 U.S. 738 (1967), certifying that there were no meritorious issued for appeal, but questioning whether the Court (1) erred in increasing Croner's offense level based upon his alleged leadership role; (2) properly calculated his Criminal History Category; and (3) imposed a reasonable sentence. (*See* ECF No. 714 at 2). On June 22, 2012, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") affirmed the Court's sentence. (*Id.* at 4, ECF No. 715).

On September 26, 2013, Croner filed the instant motion pursuant to 28 U.S.C. § 2255, alleging the following two grounds:

1.    Trial counsel was ineffective by failing to independently investigate the case and by relying upon the United States' investigation; thereby, placing Croner at a disadvantage in plea negotiations; and

2.    The Court conducted improper fact-finding regarding the amount of marijuana that could be attributed to Croner as relevant conduct. As the weight of marijuana used by the Court was greater than the weight in the Pre-sentence Investigation Report, Croner claims that he received an enhanced sentence in violation of his "Sixth Amendment right to have [the weight] found by a jury and proven beyond a reasonable doubt."

4

(ECF No. 765). Croner requests that his "sentence be vacated," and that the case be remanded for "re-sentencing under the lower and proper amount of mariuana [*sic*] as noted in the PSR." (*Id.* at 13).

## II.  <u>Standard of Review</u>

A motion made pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction or sentence that was entered in a separate proceeding. To succeed on such a motion, the movant must prove that the conviction or sentence was imposed in violation of the laws or Constitution of the United States; or the court imposing the sentence lacked jurisdiction; or the sentence exceeded the maximum authorized by law; or the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255. "A motion collaterally attacking a prisoner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." *Sutton v. United States of America,* No. CRIM.A. 2:02CR65, Civ.A. 2:05CV91, 2006 WL 36859 *2 (E.D. Va. Jan. 4, 2006). Pursuant to the Rules Governing Section 2255 Proceedings, the court should conduct a preliminary review of the motion. *See* Rule 4. The court may then order the respondent to answer the motion and may authorize the parties to conduct discovery; the court may also direct the parties to expand the record as necessary to properly assess the validity of the motion. *See* Rules 5, 6 and 7. Once these steps are completed, the court must review the answer, transcripts, records of prior proceedings, and any other materials submitted to determine whether an evidentiary hearing on the motion is warranted.  *See* Rule 8(a).  If the movant is clearly unable to state a claim that entitles him to relief, the court may deny the motion without an evidentiary hearing.  *Raines v. United States,* 423 F.2d 526, 529 (4th Cir. 1970).

### III.   Analysis

The Supreme Court of the United States ("Supreme Court") has long held that the Sixth Amendment of the United States Constitution provides each criminal defendant with "the right to the effective assistance of counsel." *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). While assistance "which is ineffective in preserving fairness does not meet the constitutional mandate ... defects in assistance that have no probable effect upon the trial's outcome do not establish a constitutional violation." *Mickens v. Taylor,* 535 U.S. 162, 166, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2001) (citing *Strickland,* 466 U.S. at 685-86).

In *Strickland*, *supra*, the Supreme Court adopted a two-prong test for determining whether a criminal defendant received ineffective assistance of counsel. A defendant must show (1) that counsel's representation fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687-91. "[J]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. Counsel's performance must be assessed with "a context-dependent consideration of the challenged conduct as seen from counsel's perspective at the time." *Wiggins v. Smith,* 539 U.S. 510, 523, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003). In evaluating whether counsel's performance was deficient, "[i]t is all too tempting for a defendant to second guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland,* 466 U.S. at 685-86. Hence, "court[s] must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance ... [and] that,

6

under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks omitted). "The question [under *Strickland*] is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Harrington v. Richter,* 562 U.S. 86, 88, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011).

Similarly, in evaluating whether the defendant has shown actual prejudice from any such deficient performance, "[p]etitioner must show that 'counsel made errors so serious that counsel was not functioning as the counsel guaranteed ... by the Sixth Amendment.'" *DeCastro v. Branker,* 642 F.3d 442, 450 (4th Cir. 2011) (citing *Harrington,* 131 S.Ct. at 778). It is insufficient for the defendant "to show that the errors had some conceivable effect on the outcome of the proceeding," because "[v]irtually every act or omission of counsel would meet that test." *Strickland,* 466 U.S. at 693. Rather, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

In the context of a guilty plea, a movant alleging ineffective assistance of counsel carries a heavy burden. The movant must not only rebut the presumption that counsel performed within the wide range of reasonable professional competence, but must also demonstrate that "there is a reasonable probability that, but for counsel's errors, [movant] would not have pleaded guilty and would have insisted on going to trial." *See Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Moreover, statements made during a hearing to accept a guilty plea are afforded a strong presumption of veracity and subsequent attacks that contradict these statements may

generally be dismissed as frivolous. *U.S. v. Lemaster,* 403 F.3d 216, 221-222 (4th Cir. 2005). As the Fourth Circuit explained:

> [A] defendant's solemn declarations in open court ... carry a strong presumption of verity ... because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. ... Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and ***a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements.***

*Id.* (emphasis added).

Croner complains that his trial counsel failed to conduct a reasonable pre-trial investigation, instead relying upon the investigation of the United States Attorney's Office. Inasmuch as these contentions contradict Croner's testimony at the plea hearing, the undersigned finds them to be "palpably incredible" and "patently frivolous or false." At the plea hearing, the District Judge specifically asked Croner if he was satisfied with the legal advice he had received from counsel. Croner acknowledged that he was satisfied with counsel's professional services and verified that all of his questions had been fully answered. (ECF No. 644 at 4). Croner also confirmed that he had reviewed each paragraph of the plea agreement with counsel, understood what it required of him, and wished for the Court to accept the agreement. (*Id.* at 9-11). After listening to the Court's explanation of the conspiracy charge, Croner admitted his guilt, stating that he had "bought and sold marijuana" with other individuals, including "Marve Johnson, Juan Acosta, Roger Cousins, a few people," and had conspired with them to distribute more than 100 kilograms of marijuana for money. (*Id.* at 16-17). In view of that testimony, the undersigned **FINDS** no evidence that Croner's trial counsel provided ineffective assistance of counsel in investigating the case. Separate and apart from

8

Croner's sworn statements to the contrary of his current claims, his motion additionally fails because he offers no information about what useful evidence would have been uncovered by a deeper investigation. *See Peters v. United States,* No. 5:15-cv-58-RLV, 2015 WL 4742488, at *5 (W.D.N.C. Aug. 11, 2015). Vague and conclusory allegations of an inadequate investigation are simply insufficient to demonstrate ineffective assistance of counsel. *Id.* (*citing United States v. Dyess,* 730 F.3d 359-60 (4th Cir. 2013)).

Moreover, Croner is unable to show prejudice from the alleged lack of pre-trial investigation. Croner does not assert, or even imply, that a more robust investigation would have convinced him to go to trial, rather than to enter a guilty plea. Instead, Croner asserts only that the lack of pre-trial investigation denied him a better bargaining position in plea negotiations, a claim which does not meet the *Strickland* standard of prejudice in the context of a guilty plea. An examination of the circumstances leading to Croner's guilty plea renders his assertion of prejudice even more improbable. The evidence against Croner was overwhelming. The United States had gathered proof of Croner's significant role in the conspiracy through surveillance, audio recordings, telephone records and recordings, traffic stops, and search warrants. (ECF No. 581 at 13). At least seven witnesses provided statements or testimony corroborating Croner's drug trafficking organization. (*Id.* at 28-43). By entering a guilty plea, Croner escaped conviction on three additional counts and avoided the filing of an § 851 information, which would have exposed Croner to the likelihood of an enhanced sentence. In view of the strength of the evidence against Croner, his admissions by stipulation, and his own testimony at the plea hearing, the undersigned **FINDS** no reasonable basis upon which to conclude that Croner would have insisted on proceeding to trial, if not for the alleged ineffective assistance of counsel in pre-trial investigation.

With respect to Croner's second ground for relief, the undersigned finds it equally without merit. Croner complains that the sentencing court enhanced his sentence based upon the results of improper fact-finding. Specifically, Croner argues that although the weight of marijuana attributed to him in the Pre-sentence Investigation Report was 311.17 kilograms, the Court performed its own calculation and decided that Croner was responsible for 482.3 kilograms of marijuana. The Court sentenced Croner based upon the offense level associated with 400 to 700 kilograms of marijuana without making the Government prove that weight "beyond a reasonable doubt." (ECF No. 765 at 6). Consequently, Croner claims that he is entitled to have his sentence recalculated using the lesser amount of marijuana set forth in the Pre-sentence Investigation Report.

To begin, Croner never raised this alleged error on appeal. The law is well-settled that collateral proceedings are not a substitute for direct appeal. *United States v. Frady,* 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Nonconstitutional claims that *could have* been raised on direct appeal, but were not, may not be asserted in collateral proceedings. *Stone v. Powell*, 428 U.S. 465, 477, n.10, 96 S.Ct. 3037, 49 L.Ed2d 1067 (1976) (citing *Davis v. United States*, 417 U.S. 333, 345-346 and n. 15, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974); *Sunal v. Large*, 332 U.S. 174, 178–79, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947)); *see also United States v. Linder*, 552 F.3d 391, 396–97 (4th Cir. 2009) ("A petitioner who waives the right to appeal is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that *could have* been raised on appeal.") (quoting Brian R. Means, *Fed. Habeas Practitioner Guide,* Jurisdiction ¶ 1.23.0 (2006/2007)) (emphasis in the original) (internal citations omitted). Nonconstitutional claims that *could not have* been asserted on direct appeal may be raised in a § 2255 motion only if the alleged error constituted "a fundamental

defect which inherently results in a complete miscarriage of justice" *Stone*, 428 U.S. at 477 n.10 (quoting *Davis*, 417 U.S. at 346; *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)) or is "inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 784, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979). Likewise, a constitutional error that could have been, but was not, raised on appeal may not be addressed for the first time in a § 2255 motion, unless the movant can show either (1) "cause" that excuses the failure to raise the error on appeal and "actual prejudice" resulting from the error, or (2) that a miscarriage of justice would occur if the court refuses to entertain the collateral attack. *Massaro v. United States*, 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003) (citing *Bousley v. United States*, 523 U.S. 614, 621–22, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *United States v. Frady*, 456 U.S. 152, 167–68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)); *United States v. Mikalajunas,* 186 F.3d 490, 492–93 (4th Cir. 1999). To establish "actual prejudice," the movant must show that the alleged error resulted in an "actual and substantial disadvantage," rather than a mere possibility of prejudice. *Satcher v. Pruett,* 126 F.3d 561, 572 (4th Cir. 1997) (quoting *Murray v. Carrier,* 477 U.S. 478, 494, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). To demonstrate a miscarriage of justice, the movant must prove "actual innocence" of the crime for which he was convicted, substantiating that "it is more likely than not, in light of all the evidence, that no reasonable juror would have convicted him." *Bousley,* 523 U.S. at 623. Clearly, Croner cannot meet any exception that would allow him to raise for the first time in this collateral proceeding the claim of an alleged error in his sentence calculation. Croner's attorney dutifully filed an appeal challenging his sentence; Croner could have addressed the matter in his appeal. In any event, the Fourth Circuit fully examined the sentence calculation and affirmed the

District Court's sentence. Croner does not claim actual innocence and would be hard-pressed to do so in light of his guilty plea and stipulation.

Furthermore, Croner expressly stipulated to relevant conduct involving 400 to 700 kilograms of marijuana. Based upon Croner's admission, the probation officer emphasized that while a conservative estimate of the marijuana attributed to Croner was 311.17 kilograms, the officer believed the range of 400 to 700 kilograms was a more accurate assessment. The weight of marijuana used by the Court in determining Croner's adjusted offense level—482.3 kilograms—was within the range that Croner admitted to purchasing and delivering as part of the conspiracy. Thus, the Court did not "find" a fact that was not already stipulated to by Croner, and the Court's calculation did not in any way "enhance" Croner's sentence. Rather, he was given the base offense level that corresponded to his stipulation of relevant conduct. Therefore, the undersigned **FINDS** that the Court did not err in its sentence calculation.

Lastly, the United States raises Croner's failure to file his § 2255 motion in a timely manner as an additional ground for denying him relief. Given that Croner has so plainly failed to state a meritorious claim in support of his motion to vacate, the undersigned need not address the timeliness of the motion.

## IV.    <u>Proposal and Recommendations</u>

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the District Court accept and adopt the findings proposed herein and **RECOMMENDS** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 765) be **DENIED** and that this civil action be **DISMISSED, with prejudice,** and removed from the docket of this Court.

Movant is notified that this "Proposed Findings and Recommendations" is hereby

**FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Movant shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Berger and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Movant, Respondent, and any counsel of record.

**FILED**: August 27, 2015

Cheryl A. Eifert
United States Magistrate Judge

13